**FILED**
**U.S. District Court**
**District of Kansas**
04/15/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JESSE JOSEPH AICH,

    **Plaintiff,**

    v.                           **CASE NO. 26-3087-JWL**

STATE OF KANSAS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil action. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas. Plaintiff claims that he is bringing this action under "850 Securities/Commodities/Exchange by Jury Trial." (Doc. 1, at 1.) Plaintiff claims that he is both executor and beneficiary of the matter and cites various UCC provisions. *Id*. at 1–3. Plaintiff names the State of Kansas and the 27th Judicial District as defendants. For relief, Plaintiff asks the Court to "dismiss the matter with extreme prejudice or alternatively discharge the debt." *Id*. at 1. He attaches documents from his state criminal cases. (Doc. 1–1.)

Plaintiff has filed a motion for leave to proceed in forma pauperis. (Doc. 3.) The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he

---

[1] Prior to filing the instant Complaint, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3235-JWL, Doc. 7 (D. Kan. Jan. 23, 2026) (dismissed for failure to state a claim); *Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3248-JWL, Doc. 6 (D. Kan. Dec. 22, 2025) (dismissed for failure to state a claim); *Aich, et al. v. Reno Cnty. Corr. Facility*, Case No. 25-3249-JWL, Doc. 7 (D. Kan. Dec. 22, 2025) (dismissed for failure to state a claim); and *Aich v. Reno Cnty. Corr. Facility*, Case No. 25-3255-JWL, Doc. 7 (D. Kan. Dec. 12, 2025) (dismissed for failure to state a claim).

may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

2

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 15, 2026,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 15, 2026, in Kansas City, Kansas.**


<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**